# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERT AYALA,<br>        Plaintiff,<br>    v.<br>NANCY A. BERRYHILL,[1] Acting<br>Commissioner of Social Security,<br>        Defendant.<br>_____ | NO. CV 17-209-KS<br><br>MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

Plaintiff filed a Complaint on January 10, 2017, seeking review of the Commissioner's decision granting Plaintiff's application for supplemental security income ("SSI") and denying Plaintiff's application for a period of disability and disability insurance benefits ("DIB"). (*See* Dkt. No. 1.) On February 27, 2017, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 10, 11, 12.) On November 14, 2017, the parties filed a Joint Stipulation ("Joint Stip.")

---

[1] The Court notes that Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court orders that the caption be amended to substitute Nancy A. Berryhill for Carolyn Colvin as the defendant in this action.

(Dkt. No. 22) in which plaintiff seeks an order reversing the Commissioner's decision and either ordering the payment of benefits or remanding the matter for further administrative proceedings (Joint Stip. at 16). The Commissioner requests that the ALJ's decision be affirmed or remanded for further proceedings. (*See id.* at 17-18.) The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

In November 2012, Plaintiff, who was born on September 2, 1969, filed applications for SSI, a period of disability, and DIB alleging disability commencing December 22, 2001, due to: "herniated disk 13 14 back fussion back stimulator implant."[2] (*See* Joint Stip. at 2; Administrative Record ("AR") 25, 125, 127, 152) (errors in original). These were Plaintiff's second applications for SSI, a period of disability, and DIB alleging disability commencing December 22, 2001. In 2010, Plaintiff had filed his first round of applications for SSI and DIB, which the Commissioner denied initially on December 2, 2010. (AR 25; *see also* AR 56.) Plaintiff had not sought reconsideration of the initial denial of his 2010 applications (AR 25, 56), although he testified at the April 27, 2015 hearing that he "filled out the paperwork" to do so (AR 46-47).

The Commissioner denied Plaintiff's 2012 applications initially. (AR 55.) On June 28, 2013, Plaintiff requested a hearing. (AR 78.) On April 27, 2015, Administrative Law Judge Edward P. Schneeberger ("ALJ") held a hearing. (AR 38.) Plaintiff, who was represented by counsel, and Heidi Paul, the vocational expert ("VE"), testified at the hearing. (AR 38-53.) On May 14, 2015, the ALJ issued a partially favorable decision, denying Plaintiff's application for DIB and granting Plaintiff's application for SSI. (AR 25-33.) On November 10, 2016, the Appeals Council denied Plaintiff's request for review. (AR 1-7.)

---

[2] Plaintiff was 32 years old on the alleged onset date and thus met the agency's definition of a "younger person." *See* 20 C.F.R. §§ 404.1563(c), 416.963(c).

2

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2006 and, therefore, did not meet the insured status requirements on December 3, 2010, "the day after his administratively final and binding initial determination" on Plaintiff's 2010 Title II application for DIB. (AR 28.) On that basis, the ALJ denied Plaintiff's 2012 Title II application for a period of disability and DIB. (*Id.*)

The ALJ found that Plaintiff had not engaged in substantial gainful activity after November 30, 2012, the date of his application for SSI. (AR 28.) The ALJ further found that Plaintiff had the following severe impairments: degenerative changes of the lumbar spine and status post lumbar spine surgery. (AR 28.) The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (*Id.* 29.) The ALJ determined that, as of November 30, 2012, Plaintiff had the residual functional capacity ("RFC") to do the following: "1) stand for no more than fifteen to thirty minutes; 2) sit for no more than one hour; and 3) lift no more than ten pounds." (AR 30.) The ALJ determined that Plaintiff was unable to perform his past relevant work as a tow truck operator (DOT 919.663-026). (AR 31.) The ALJ further concluded that, given Plaintiff's age, education, work experience, and RFC, there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform. (AR 32.) Accordingly, the ALJ determined that Plaintiff had been under a disability, as defined in the Social Security Act, from November 30, 2012, the date of his 2012 application for SSI, through the date of the ALJ's decision. (*Id.* 32.)

\\
\\
\\

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error,

'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

**DISCUSSION**

Plaintiff alleges that there is good cause for reopening his 2010 Title II application for DIB and that the Court has jurisdiction to review the ALJ's decision not to reopen Plaintiff's 2010 Title II application because Plaintiff states a colorable constitutional claim. (Joint Stip. at 4.) The Commissioner responds that the Court lacks jurisdiction to review the ALJ's decision not to reopen Plaintiff's 2010 Title II application because Plaintiff did not complete the administrative review process with respect to that application and, therefore, did not obtain a judicially reviewable final decision. (*Id.* at 13.) The Commissioner also argues that Plaintiff fails to put forward any facts suggesting that his due process rights were violated and, consequently, fails to state a colorable constitutional claim as required to vest the Court with jurisdiction under these circumstances. (*See id.* at 14.) According to Commissioner, instead of stating a colorable constitutional claim, Plaintiff's argument is that the ALJ should have reopened the 2010 Title II Application because Plaintiff's impairments satisfied Listing 1.04A.[3] (Joint Stip. at 14.)

---

[3] Listing 1.04A reads as follows:
　　Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
　　A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
　　OR
　　B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
　　Or
　　C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

## I. Applicable Law

Cases arising under the Social Security Act generally are not subject to review unless they challenge a "final decision . . . made after a hearing." 42 U.S.C. § 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Because the Commissioner's decision whether, for good cause shown, to reopen an earlier application is strictly discretionary, *see Udd v. Massanari*, 245 F.3d 1096, 1100 (9th Cir. 2001); *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997), it is not final and thus not generally reviewable by a district court. In *Sanders*, however, the Supreme Court recognized an exception "where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." *Sanders*, 430 U.S. at 109. Thus, the Court may review the Commissioner's decision not to reopen an earlier application if the plaintiff presents a "colorable constitutional claim of due process violation that implicates . . . either a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (internal quotation marks and citation omitted); *Evans*, 110 F.3d at 1483 (same). Notably, however, a due process challenge that is "completely unsupported by facts" or "wholly insubstantial, immaterial, or frivolous" does not raise a colorable constitutional claim. *Klemm*, 543 F.3d at 1144, 1145; *Udd*, 245 F.3d at 1100 (quoting *Boettcher v. Sec'y of Health & Human Serv.*, 759 F.2d 719, 722 (9th Cir. 1985)); *see also Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) ("we will not waive a claimant's failure to exhaust her administrative remedies merely because she has asserted *any* constitutional claim; rather, her constitutional claim must be 'colorable' . . . [as opposed to] immaterial and made solely for the purpose of

---

20 C.F.R. Part 404, Subpart P, Appendix 1 § 1.04A.

In his 2015 partially favorable decision, the ALJ wrote that he had found "no persuasive evidence" that Plaintiff satisfied all of the criteria for Listing 1.04A because "there is no evidence" in the record that Plaintiff has nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis. (AR 29.) However, Plaintiff suggests that the ALJ's finding is not supported by substantial evidence because EMG nerve conduction studies conducted on June 14, 2001 revealed nerve root compression syndrome at L5-S1. (*See* Joint Stip. at 8) (citing AR 217).

6

obtaining jurisdiction") (emphasis in original) (internal quotation marks and citation omitted).

## II. **Plaintiff Fails To State A Colorable Constitutional Claim.**

Plaintiff suggests two possible bases for finding a colorable due process claim. Plaintiff's first and primary argument is that the Commissioner violated Plaintiff's due process rights by omitting from the Administrative Record a copy of the initial determination notice denying Plaintiff's 2010 Title II application. (*See* Joint Stip. at 9.) Significantly, Plaintiff does not allege that he was deprived of an adequate explanation of the basis for the adverse benefits determination in 2010, only that the Commissioner deprived him of due process in connection with his 2012 applications by omitting from the Administrative Record any reference to the 2010 filing except "the little table that is titled prior electronic filings." (*Id.*) (citing AR 56). "[N]o other information is provided as to what evidence was considered nor if whether Listing 1.04A was even considered. . . . There is no way of knowing whether the evidence in 2012 application was considered in the 2010 initial denial. This violates [Plaintiff's] due process rights. How can [Plaintiff] contend something – if [Plaintiff] does not know what evidence was in the file to do so." (Joint Stip. at 9.) Plaintiff cites no authority for his position that due process requires the Commissioner to include a copy of the 2010 initial determination notice in the Administrative Record (*see generally* Joint Stip. at 9-10), and the Court is aware of none. Nevertheless, even if the Court assumes *arguendo* that Plaintiff is correct and the Commissioner's omissions deprived Plaintiff of due process in connection with the denial of his *2012* Title II application, this is insufficient to state a colorable claim of a due process violation in connection with his *2010* Title II application as required to vest this Court with jurisdiction.

Plaintiff also suggests a second basis for finding a colorable due process claim. Specifically, Plaintiff refers the Court to his testimony at the hearing that "he went and filled

7

out the paperwork to appeal the 2010 determination, but never heard back from Social Security." (Joint Stip. at 12, 15 (citing AR 46, 47 ("I went back and filled out the paperwork and everything and I didn't hear nothing back.")).) Liberally construed, Plaintiff's references to this portion of his hearing testimony suggest, but do not expressly contend, that Plaintiff was denied an opportunity to seek reconsideration of the adverse benefits determination. However, counsel did not raise this issue at the hearing when the ALJ asked why he should reopen Plaintiff's prior application (*see generally* AR 48-50), and Plaintiff similarly does not now directly attack whether he had a meaningful opportunity to seek reconsideration of the adverse determination. *Cf. Garth v. Astrue*, No. 11-CV-05592-YGR, 2013 WL 257090, at *6 (N.D. Cal. Jan. 23, 2013) (finding no colorable constitutional claim where the plaintiff does not directly attack whether she had a meaningful opportunity to be heard or seek reconsideration of the adverse determination).

Further, although the Court may review additional evidence to determine whether it has jurisdiction, *see Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), Plaintiff provides no supplemental materials to support the position that he was denied an opportunity to seek reconsideration of the initial adverse benefits determination. (*See generally* Complaint; Joint Stip.); *cf. also White v. Astrue*, No. C 10-02124 CRB, 2011 WL 900289, at *3 (N.D. Cal. Mar. 15, 2011) ("Although Plaintiff's Complaint contains only a mere allegation of a due process violation, his supporting material provides some facts showing a colorable constitutional violation."). In light of the foregoing, Plaintiff's references to a one-sentence portion of Plaintiff's hearing testimony that is wholly unsupported by any other facts or evidence before the Court does not constitute a colorable due process claim *Cf. Klemm*, 543 F.3d at 1145 (because the plaintiff presented no facts in support of his allegation, his constitutional claim is "wholly insubstantial" and, therefore, not colorable); *Uvalles v. Astrue*, No. C11-00478 HRL, 2012 WL 967999, at *2 (N.D. Cal. Mar. 21, 2012) ("A constitutional claim must go beyond bare assertions.") (internal quotation marks and citation omitted).

For these reasons, Plaintiff fails to state a colorable constitutional claim as required to vest this Court with the jurisdiction to review the ALJ's decision not to reopen Plaintiff's 2010 Title II application. Accordingly, the Complaint must be dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

IT IS ORDERED that the Complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY

DATED: November 17, 2017

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE